# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**IDRIS IBRAHIM SIDDIQI,**

**Plaintiff,**

v.

**WESTAFF, INC.,**
**DAWN WIDEMAN, and**
**MICHELLE SMITH,**

**Defendants.**                                      **No. 06-CV-0961-DRH**

## ORDER

**HERNDON, District Judge:**

On November 20, 2006, Idris Ibrahim Siddiqi filed a *pro se* complaint against Westaff Inc., Dawn Wideman, and Michelle Smith ("Defendants"). (Doc. 2.) Although Siddiqi alleges that Defendants violated his constitutional rights and his complaint states that he is bringing this action under **42 U.S.C. § 1983**, However, Siddiqi does not name any governmental entity in his complaint. Instead, the facts of Siddiqi's complaint suggest that he is alleging that his former employment agency, Westaff, Inc., and its agents, Dawn Wideman and Michelle Smith, discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, **42 U.S.C. § 2000(e) *et seq.*** Specifically, Siddiqi alleges that Defendants terminated him because he filed complaints about racial disparities in the workplace. Now before the Court is Siddiqi's motion to proceed *in forma pauperis* (Doc. 3) and a motion for service of process at government expense (Doc. 5). Because the Court finds that

Siddiqi is indigent, the Court grants both the motion to proceed *in forma pauperis* (Doc. 3) and the motion for service of process at government expense (Doc. 5).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Siddiqi's motion survives **§ 1915(e)(2)** review. Siddiqi furnished an affidavit documenting his poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendants are immune from suit.

Accordingly, the Court **GRANTS** Siddiqi's motion to proceed *in forma*

*pauperis* (Doc. 3) and Siddiqi's motion for service of process at government expense (Doc. 5).  The Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Siddiqi.  Siddiqi must fill out this form and return it to the Clerk's Office in order for the case to proceed.  Once the Clerk receives the USM-285 form, the Clerk will issue a summons for each of the named Defendants.  Once a summons is issued, the Court **DIRECTS** the United States Marshal to obtain service on same.  Costs of service shall be borne by the United States of America.

    **IT IS SO ORDERED.**

    Signed this 15th day of February, 2007.

    /s/      David   RHerndon
**United States District Judge**