**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**IDRIS IBRAHIM SIDDIQI,**

**Plaintiff,**

**v.**

**WESTAFF, INC.,
DAWN WIDEMAN and
MICHELLE SMITH,**

**Defendants.**                                    **No.  06-cv-00961-DRH-CJP**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I.  INTRODUCTION**

On November 20, 2006, Idris Ibrahim Siddiqi ("Plaintiff") filed a *pro se*

complaint in this Court against Westaff, Inc., Dawn Wideman and Michelle Smith

("Defendants").  (Doc. 2). .  (Doc. 2).   However, Plaintiff does not name any

governmental entity in his complaint.  (Doc. 2).  On February 15, 2007, the Court

entered an Order granting Plaintiff's motion to proceed *in forma pauperis*, but noted

that while Plaintiff's complaint alleged that Defendants violated his constitutional

rights under **42 U.S.C. § 1983** that, in fact, Plaintiff did not name any governmental

entities in his complaint.   The Court further noted that it appeared from the

allegations in Plaintiff's complaint that Plaintiff was actually alleging that Defendants

had discriminated against him in violation of Title VII of the Civil Rights Act of 1964,

1

as amended, **42 U.S.C. § 2000(e) et seq**. (Doc. 2). Despite this guidance from the Court, Plaintiff never sought to amend his complaint.

Now before the Court is Defendants' motion to dismiss filed on April 24, 2007. (Doc. 12.) Plaintiff filed a response in opposition to Defendants' motion to dismiss on September 21, 2007 (Doc. 28), after this Court twice granted Plaintiff an extension of time to file his response.[1] (Docs. 24 and 26.) For the reasons set out below, the Court **GRANTS** Defendants' motion to dismiss. (Doc. 12.)

## II. ANALYSIS

### A.    Legal Standard

Previously, when ruling on a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to **Rule 12(b)(6)**, this Court assumed as true all facts well-pled plus the reasonable inferences therefrom and construed them in the light most favorable to the plaintiff. ***Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)**. The question was whether, under those assumptions, the plaintiff would have a right to legal relief. This standard was articulated as such:

> [U]nder 'simplified notice pleading,' ... the allegations of the complaint should be liberally construed, and the 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

---

[1] In the last Order granting Plaintiff's request for an extension of time to file a response, Plaintiff was given until September 4, 2007 to file a response. (Doc. 27.) Plaintiff filed his response (Doc. 28) on September 21, 2007, over two weeks past the Court-ordered deadline.

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957))**.

Just last year, the Seventh Circuit reiterated this liberal standard governing notice pleading:

> Rule 8 was adopted in 1938, and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), stressed that it does not require fact pleading. It is disappointing to see a federal district judge dismiss a complaint for failure to adhere to a fact-pleading model that federal practice abrogated almost 70 years ago. As citations in the proceeding paragraphs show, however, this is among many similar dispositions that the Supreme Court and this court have encountered recently and been obliged to reverse.

***Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007) (footnote omitted); *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998); *Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)**.

The Supreme Court, however, determined in a subsequent opinion issued on May 21, 2007, that ***Conley's*** famous "no set of facts" phrase "ha[d] earned its retirement." ***Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1969 (May 21, 2007)**. According to the Supreme Court, the threshold pleading requirement of **FEDERAL RULE OF CIVIL PROCEDURE 8** requires that a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** motion to dismiss. ***Id.* at 1974 (clarifying that a "heightened fact pleading of specifics" is not required) (emphasis added)**. In other words, the

Supreme Court explained that it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do ..." *Id.* **at 1964-65 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id.* **at 1965**. Therefore, the Seventh Circuit has interpreted ***Bell Atlantic Corp.*** as imposing a two-prong test for a complaint to survive a **Rule 12(b)(6)** motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice' of what the ... claim is and the grounds upon which it rests" and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" ***E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp.*, __ U.S. __, 127 S. Ct. at 1964-65, 1973 n. 14)**. The first prong (describe the claim in sufficient detail to give the defendant fair notice ...) does not appear to be at issue in this case. However, the second prong (allegations must plausibly suggest that the plaintiff has a right to relief ...) is in dispute and is addressed below.

B.     **Allegations Must Plausibly Suggest that the Plaintiff has a Right to Relief**

As already mentioned above, the Seventh Circuit has imposed a two-

prong test for a complaint to survive a **Rule 12(b)(6)** motion.  In this case, the

Plaintiff has failed to satisfy the second prong of said test because Plaintiff has failed

to demonstrate that there is even a remote possibility that he is entitled to any relief

under the claims he asserted in his complaint.  To maintain an action under **42**

**U.S.C. § 1983**, the Plaintiff must allege state action on the part of the Defendants as

required by the statute.  ***See Hanania v. Loren-Maltese*, 212 F.3d 353 (7th Cir.**

**2000)**.  Defendants in this case are not state officials and in no way can be classified

as such.  Furthermore, the Plaintiff's complaint does not allege any state action on

the part of Defendants.  (Doc. 2).  In order to establish that a private, individual

Defendant has engaged in action sufficient to constitute state action, the Seventh

Circuit in ***Hanania*** stated:

> Establishing § 1983 civil rights liability ... requires plaintiff to
> demonstrate: (1) that private individual and state official reached
> understanding to deprive plaintiff of his/her constitutional rights;
> and (2) that private individual was willful participant in joint
> activity with state or its agents.

***Id.***  Having failed to establish that any of the Defendants are state actors or engaged

in state action, Plaintiff is not entitled to any relief under **42 U.S.C. § 1983**.

Defendants argue, and the Court agrees, that even if the Court read

Plaintiff's complaint as bringing a claim under **Title VII**, Plaintiff's complaint should

still be dismissed because Plaintiff failed to exhaust his administrative remedies

before filing this action in this Court as required by Title VII of the Civil Rights Act

of 1964, as amended, **42 U.S.C. § 2000(e) et seq**.  Title VII requires that an

employee first exhaust any and all administrative remedies available to him/her before filing an action in federal court.  *See Gibson v. West*, **201 F.3d 990 (7th Cir. 2000)**.  The Seventh Circuit noted in *Gibson* that filing a complaint with the Equal Employment Opportunity Commission ("EEOC") is pre-conditional to bringing a Title VII action in federal court.  *Id.* **at 994-95**.  To exhaust one's administrative remedies, according to the Seventh Circuit, Title VII requires:  (1) the complaining employee to file a timely complaint with the EEOC describing the facts of the case and (2) receiving a right to sue letter from the EEOC.  ***Movement for Opportunity and Equality, et al. v. General Motors Corp., et al.***, **622 F.2d 1235-38 (7th Cir. 1980)**.  In this case, the Plaintiff has failed to provide any proof that he has filed a complaint with the EEOC.  Additionally, no proof has been made that the Plaintiff has received a right to sue letter from the EEOC.  As such, the Plaintiff has failed to even suggest that he has exhausted his administrative remedies.

Plaintiff's only argument against dismissal, besides a resuscitation of the facts stated in his complaint, is that he is "inexperienced in the area of law."  (Doc. 28, ¶ 1.)  Because the Plaintiff is proceeding *pro se*, we hold his complaint to a less stringent standard than those of a represented party, *see Haines v. Kerner*, **404 U.S. 519-20 (1972)**, but even *pro se* litigants must at least state a claim upon which relief could be granted.  Here, the Plaintiff's complaint does not allege any state action on the part of Defendants, and the Plaintiff  has also failed to exhaust his administrative remedies before filing this suit.  Although a *pro se* litigant is held to

a less stringent standard, this Court finds that the Plaintiff's complaint fails to even remotely suggest that Plaintiff is entitled to any relief.

### III.  CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** this matter with prejudice. (Doc. 12.)  Clerk to enter judgment accordingly.

**IT IS SO ORDERED**.

Signed this 7th day of February, 2008.


/s/      _DavidRHerndon_

**Chief Judge
United States District Court**