IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**IDRIS IBRAHIM SIDDIQI,**

**Plaintiff,**

**v.**

**WESTAFF, INC.,
DAWN WIDEMAN, and
MICHELLE SMITH,**

**Defendants.**                                  No. 06-CV-0961-DRH

### ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's order issued February 7, 2008, granting Defendants' motion to dismiss. (Doc. 29.) In that Order the Court held that Plaintiff was not entitled to any relief under **42 U.S.C. § 1983** because he had failed to establish that any of the Defendants are state actors are engaged in state action as required by the law. Furthermore, the Court held that if, in the alternative, the Court read Plaintiff's complaint as asserting a claim under **Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.** that his claims must be dismissed because he failed to exhaust his administrative remedies before filing suit in this Court. Plaintiff now argues in his motion for reconsideration that this not a **Section 1983** or **Title VII** action, but rather a claim of retaliatory discharge. However, Plaintiff's

Complaint clearly states: "This is a civil rights action under 42 U.S.C. sec. 1983."

Motions to reconsider "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **FED. R. CIV. P. 60 advisory committee's notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922). *See also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60App.108[2] (3d ed. 2004). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

While it is true that the tort of retaliatory discharge exists in Illinois, Plaintiff failed to make this claim in his complaint. Instead, he explicitly said that he was bringing a **Section 1983** claim. At this point, Plaintiff is not entitled to raise new legal theories and arguments. Those arguments could have been previously asserted and are improper at this juncture. *Id.* Furthermore, **Title VII** specifically and adequately addresses claims of retaliatory discharge. Therefore, Plaintiff could not maintain a claim of retaliatory discharge under Illinois law. *See Jacobson v.*

***Knepper & Moga, P.C.*, 185 Ill.2d 372, 377-78, 706 N.E.2d 491, 493 (Ill. 1998) (holding that it is "unnecessary to expand the limited and narrow tort of retaliatory discharge" when the public policy it is intended to protect is adequately protected by another law or regulation.)**. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration. (Doc. 29.) Lastly, Plaintiff has requested leave to file his notice of appeal. Plaintiff may do so without leave from the Court.

**IT IS SO ORDERED.**

Signed this 11th day of April, 2008.

/s/      David R Herndon

**Chief Judge
United States District Court**